38067/01245/MHW/JFM

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY HASKINS, | |
| Plaintiff, | Case Number 13 cv 8392 |
| v. | Judge James B. Zagel |
| DANIEL SUMULONG, et al., | |
| Defendants. | |

### DEFENDANTS' FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, KATHLEEN SANCHEZ, L.P.N., LOUISE PEACH, R.N., LAUREL MAKULA, R.N., and DANIEL SUMULONG, R.N., by and through their attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for their Motion for Summary Judgment, state as follows:

1. Plaintiff, JOHNNY HASKINS, was a former inmate in the custody of the Illinois Department of Corrections ("IDOC") and Kane County Jail serving a sentence for aggravated criminal sexual abuse and aggravated criminal sexual abuse with a victim aged 13-16. *See* Defendants' Rule 56.1 Statement of Undisputed Facts ("SOF") at ¶ 1.

2. On November 20, 2013, the Plaintiff filed his *pro se* civil rights lawsuit in the Court, pursuant to 42 U.S.C. § 1983, against Defendants, Nurses KATHLEEN SANCHEZ, L.P.N., LOUISE PEACH, R.N., LAUREL MAKULA, R.N., and DANIEL SUMULONG, R.N., (collectively, the "Nurses"). *See* Complaint, (Doc #1). Plaintiff alleges, *inter alia*, that the Nurses exhibited deliberate indifference to his serious medical needs following an altercation between the Plaintiff and his cellmate at the Kane County Jail on January 24, 2012. *Id.*

3. On January 24, 2012, the Plaintiff was involved in an altercation with his cellmate. SOF at ¶ 9. His cellmate struck him with a closed fist on the right rear side of his head and caused a 1-inch long by 1-millimeter deep laceration. SOF at ¶ 9, 13. Nurse Sanchez arrived to the Plaintiff's "pod" within four minutes of receiving a call for medical assistance, and the Nurses cleaned his wound, applied 4x4 gauze to stop the bleeding, applied antibiotic ointment to prevent infection and then gave the Plaintiff a tetanus booster shot and an antibiotic pill. SOF at ¶ 13, 14.

4. Kane County Jail did not employ a full time doctor in 2012 but always had a doctor on-call. The medical records confirm that Dr. Kul Sood was contacted within one (1) hour of Plaintiff' altercation and also examined the Plaintiff during his next scheduled on-site visit to Kane County Jail on January 28, 2012. SOF at ¶ 14, 18. The Plaintiff complained of pain and Dr. Sood prescribed him with Naprosyn, a type of pain medication. SOF at ¶ 18.

5. From January 28, 2012 - February 10, 2012, the Plaintiff saw several medical professionals but made no complaints of pain. SOF at ¶¶ 19-22. On February 10, 2012, the Plaintiff met with Nurse Peach and complained of pain, which she noted in her record. SOF at ¶ 22. He then met with Dr. Sood on February 12, 2012 (Dr. Sood's next appointment) and Dr. Sood again prescribed pain medication. SOF at ¶ 25. On February 15, 2012, the Plaintiff voluntarily refused to take his pain medication over a billing dispute. SOF at ¶ 26. On February 19, 2012, the Plaintiff again met with Dr. Sood who noted that the Plaintiff was alert and oriented "times three" and his pain symptoms were resolving. SOF at ¶ 27. From February 19, 2012 - August 23, 2012, the Plaintiff never again made any complaints of pain, headaches, concussion symptoms, or his laceration in any medical note. SOF at ¶¶ 28-37. In February and

June of 2012, the Plaintiff underwent voluntary hunger fasting for "religious reasons" despite being warned of its risks by medical staff. SOF at ¶ 29, 31, 33.

6. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A party opposing summary judgment must do more than identify "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986) (footnote omitted). "A mere scintilla of evidence" in support of the non-movant's position is insufficient; a party will only be successful in opposing summary judgment "when it presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. at 380-81 (holding that the "[r]espondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction…").

7. Prior to filing his lawsuit, the Plaintiff failed to exhaust his administrative remedies because he did not file his grievances within the required forty-eight (48) hours after the incident and also failed to appeal his grievances, as required. SOF at ¶ 54.

3

8. In order to establish a claim for deliberate indifference, a plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The Plaintiff has failed to establish all of these elements.

9. In regard to the first element, a serious objective medical need is an objective, life-threatening situation, or a risk of needless pain or lingering disability that went untreated, which would have been so obvious that even a lay person would perceive the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). Regarding his 1-inch long by 1-millimeter deep head laceration, the Seventh Circuit has held that a temple laceration 1-inch long and shallow did not constitute a serious medical need. *See Davis v. Jones*, 936 F.2d 971, 972-73 (7th Cir. 1991); SOF at ¶ 13. In reviewing Seventh Circuit case law regarding pain as an objectively serious medical condition, the court looks to pain accompanied by other objective indicia to support its finding. *See Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999) (noting that the denial of pain medication was accompanied by internal bleeding, violent cramps, and periods of unconsciousness). Here, the Plaintiff's bleeding resolved on the date of incident, he never lost consciousness, and lacked other objective indicia of severe pain. SOF at ¶¶ 11-14. Regarding the alleged concussion, there is no medical record or testimony, whatsoever, demonstrating, in any way, that the Plaintiff actually sustained a concussion.

10. Regarding the second element, the Plaintiff must show that he communicated his alleged objectively serious medical condition in such a way that, "the communication, in its

4

content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety'". *Vance*, 97 F.3d at 993. Here, the Plaintiff cannot identify specific nurses or what role specific nurses played in his care and treatment. SOF at ¶ 8. Each Nurse testified that he or she writes down all of a patient's subjective complaints and objective findings in his or her medical notes. SOF at ¶ 37. Nurse Sanchez authored the only notes on the date of the altercation and her notes make no mention of pain, headaches, dizziness or confusion. Nurses Sumulong and Peach only authored notes months after this incident and related to Plaintiff's vitals during his voluntary hunger fasting. ¶ 31, 33. Nurse Peach authored a note on February 10, 2012, that records complaints of right sided pain, a headache, and that pupils were equal and reactive. SOF at ¶ 22. Pupils equal and reactive suggest that a patient does not have a concussion. SOF at ¶ 23. At best, this note indicates the Plaintiff was in some pain, but without other objective indicia, it does not communicate a serious medical need of the Plaintiff, as required under existing caselaw. *See e.g., Reed* 178 F.3d at 853.

  11. Regarding the third element, culpability, the Plaintiff must establish that the Nurses actually knew that he needed treatment for a serious medical need or risk but nevertheless *purposely* and *deliberately* withheld it. *Sellers*, 41 F.3d at 1102 (emphasis added). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Deliberate indifference "is merely a synonym for intentional or criminally reckless conduct." *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Duckworth v. Franzen,* 780 F.2d 645, 652-53 (7th Cir. 1985). Deliberate indifference constitutes unnecessary and wanton infliction of pain, which is "repugnant to the conscience of mankind," or which is "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to

fundamental fairness." *Estelle* at 106-07. The Nurses did not display the required culpability for two reasons.

12. First, the Nurses complied with all professional community standards of care. In order to infer the required culpability for a claim of deliberate indifference based on the care rendered by a medical professional, the professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). An inmate is not entitled to demand specific care, nor the best care possible, but rather he is entitled to reasonable measures to meet a substantial risk of serious harm to him. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). A medical professional is afforded deference to her medical judgments and treatment decisions unless the plaintiff can show that *no* minimally competent medical professional would have responded in that way when faced with the same circumstances. *Sain v. Wood,* 512 F.3d 886, 894-95 (7th Cir. 2008) (emphasis added).

13. Here, nurses practicing at Kane County Jail in 2012 could not prescribe pain medicine or order stitches for a prisoner. SOF at ¶ 42-45, 39. Also, the undisputed medical testimony establishes that the Nurses complied with all applicable standards of care in treating the Plaintiff. Regarding stitches, nurses evaluate the wound's size and bleeding. Here, the Nurses all testified that the wound was small in depth with minimal bleeding and did not require stitches. SOF at ¶¶ 40-41. Regarding the Plaintiff's complaints of pain or headaches, nurses could give a one-time dosage of ibuprofen, but could not do so if a prisoner had an existing pain medication order like this Plaintiff. SOF at ¶ 43. Regarding a concussion, nurses look for a multitude of symptoms including: loss of consciousness, dilated pupils, and whether a patient is alert and oriented to his name, location, and date, commonly referred to as "alert and oriented

x3". SOF at ¶ 48. Here, the Plaintiff never lost consciousness, his pupils were equal and reactive to light, and he was found alert and oriented to at least "x 3" on four separate occasions. SOF at ¶ 49.

14. The second reason that Plaintiff cannot prove culpability against the Nurses is that he has not provided any verifying medical evidence supporting his claims. Plaintiff is required to establish a causal connection between the Nures's failure to provide him with his desired pain medication and the alleged harm. *Memphis Comm. School. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). Because this case involves medical issues, the Plaintiff must secure expert testimony to prove that causal connection. *Alberson v. Norris*, 458 F.3d 765-66 (8th Cir. 2006). Without medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of treatment is insufficient to raise a genuine issue of material fact. *Walker v. Zunker*, 30 Fed. Appx. 625, 628 (7th Cir. 1999). Here, the Plaintiff has provided no medical or expert testimony in support of his allegations, but, instead, is relying on his own opinions regarding what the Nurses should have done with his care and treatment. Furthermore, he confirmed that at least two doctors, one of whom is unaffiliated with Kane County Jail, refused to relate his headaches and migraine complaints to his January 24, 2012 altercation. SOF at ¶¶ 46-47. Moreover, the Plaintiff also confirms that he undertook two regimens of voluntary hunger fasting, which all Nurses testified could cause or exacerbate headaches, confusion, or a feeling of "light-headedness". SOF at ¶ 51.

15. The undisputed material facts make it clear that Plaintiff's deliberate indifference claim cannot succeed against the Nurses as a matter of law. At best, Plaintiff has alleged a claim for medical negligence; however, medical negligence is not a claim for deliberate indifference.

Accordingly, the Nurses are entitled to judgment as a matter of law. Therefore, this Honorable Court should grant summary judgment in favor of the Nurses and against the Plaintiff.

16. Moreover, the Plaintiff has not shown personal involvement by each of the four Defendant Nurses. To be liable under Section 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Id.* Here only Nurses Sanchez and Peach authored notes related to the issues discussed in Plaintiff's Complaint, and each Nurse, respectively, notified Dr. Sood and handed off the Plaintiff's care and treatment to the doctor. SOF at ¶ 13, 14, 18, 22, 25. Nurses Sumulong and Makula only authored notes related to the Plaintiff's vital signs during an unrelated voluntary religious hunger fast. SOF at ¶ 31, 33. Accordingly, the Plaintiff cannot prove personal involvement as to these four Nurses.

17. Finally, the Nurses are entitled to a qualified immunity defense. To defeat a qualified immunity defense, a plaintiff must show that the "violation was so clear that an official would realize he or she was violating an inmate's constitutional rights". *Borrello v. Allison*, 446 F.3d 742, 750 (7th Cir. 2006). Here, there is no basis for a jury to find that the Nurses realized that they were committing such a violation. Each Nurse testified that he or she acted in good faith in performance of his or her official duties and operated to the best of his or her abilities. SOF at ¶ 52. Plaintiff offers no testimony to rebut this statement. Thus, the Nurses are shielded from civil liability by the doctrine of qualified immunity.

WHEREFORE, Defendants, KATHLEEN SANCHEZ, L.P.N., LOUISE PEACH, R.N., LAUREL MAKULA, R.N., and DANIEL SUMULONG, R.N., respectfully requests that this Honorable Court enter an Order granting Summary Judgment in their favor, dismissing this suit with prejudice as to these Defendants, and granting any and all other relief that this Court deems just.

        Respectfully submitted,

        CASSIDAY SCHADE LLP

        By: /s/ James. F. Maruna
            One of the Attorneys for Defendants, KATHLEEN SANCHEZ, L.P.N., LOUISE PEACH, R.N., LAUREL MAKULA, R.N., and DANIEL SUMULONG, R.N.

Matthew H. Weller / ARDC No. 6278685
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2015 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. Service will be accomplished by the CM/ECF system and/or via regular mail to the following:

Johnny Haskins
P.O. Box 286413
Chicago IL 60628

/s/ James F. Maruna

8096475 JMARUNA